In the Matter of JAMES E. GOUGH, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 17, 1957.

18

*Frank H. Gordon* for petitioner.

*Joseph M. Brush* of counsel (*Rolf T. Michelsen* with him on the brief; *Pyne, Brush, Smith & Michelsen,* attorneys), for respondent.

*Per Curiam.* Respondent accepted employment as attorney on a contingent fee basis to represent a client in connection with a cause of action in negligence to recover damages for personal injuries and for failure to provide maintenance and cure.

Respondent was retained in 1947. He promptly served a summons and complaint but neglected to file a note of issue for almost two and one-half years after joinder of issue. After he did so, his subsequent failure to appear at the call of a Reserve Calendar resulted in the case being marked off. Thereafter, in April, 1951, the action was dismissed because respondent neglected to have it restored to the calendar.

Apparently ignorant of the dismissal, respondent sought to negotiate a settlement in the Fall of 1952. When he learned what had happened, respondent wrote his client in March, 1953, that " for some unknown reason " the case had been dismissed. He also represented that he was trying to have the case restored and settled. Despite a subsequent complaint by his client to the Bar Association and his representation to the Bar Association that he would move to restore the cause in September, 1953, respondent actually did nothing until February, 1954. The motion then made was denied. The total effect of respondent's neglect was that his client lost his day in court.

We are at a loss to understand what motivated respondent to neglect his client's cause. Whatever may have so motivated respondent, such carelessness, plus his lack of candor with his client and his failure to take prompt action once his attention was specifically directed to the posture of the case constitute a dereliction of professional duty. In respondent's favor, it appears that he has a long and unblemished record at the Bar. In the circumstances, we believe respondent should be censured.

Peck, P. J., Breitel, Botein, Frank and McNally, JJ., concur.

Censured.